# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL J. HEWITT,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:06-cv-1105-Orl-31KRS**

**MOBILE REACH INTERNATIONAL, now known as CRYSTAL INTERNATIONAL TRAVEL GROUP, a foreign corporation ,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO DISMISS COMPLAINT (Doc. No. 21)**
>
> **FILED:**      **November 3, 2006**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Defendant Crystal International Travel Group (Crystal) moves for the dismissal of this action for lack of personal jurisdiction. Doc. No. 21. In his response, Plaintiff Michael Hewitt requests leave to conduct jurisdictional discovery. Doc. No. 32.

The United States Court of Appeals for the Eleventh Circuit and the Florida Supreme Court both authorize courts to permit parties to conduct limited discovery to resolve jurisdictional

questions. *Eaton v. Dorchestor Devel., Inc.*, 692 F.2d 727, 729-30 (11th Cir. 1982); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992).

Here, the motion to dismiss is premised on the identity and relationship between Defendant Crystal and Mobile Reach Technologies, the party with whom Hewitt allegedly contracted. The parties dispute the nature of this relationship and the affidavits and allegations are not reconcilable. Whether the proper defendant has been named is a proper subject for jurisdictional discovery.

Also, Hewitt's jurisdictional allegations are based, in part, on websites allegedly controlled by Crystal. Doc. No. 1 at ¶ 7. However, the Affidavit of Fabrizzio P. Busso-Campana, doc. no. 21-2, avers that Crystal does no business with Florida, and is a holding company that only does business through subsidiaries. Based on Hewitt's counter-affidavit, doc. no. 32-2, it is unclear that Crystal, as opposed to a subsidiary or some other entity, owns or operates these websites. Accordingly, it is unclear whether these websites would support the exercise of jurisdiction over Crystal. This is also a proper subject for jurisdictional discovery.

Accordingly, it is **ORDERED** that the parties may conduct discovery regarding whether Crystal is the proper defendant, and whether the Court may exercise personal jurisdiction over Crystal based on the websites or other contacts with Florida. Jurisdictional discovery shall conclude by March 16, 2007. Crystal shall have until March 30, 2007, to file a renewed motion to

dismiss, if appropriate, after conducting the jurisdictional discovery permitted by this Order.

Hewitt shall respond within the time permitted under Local Rule 3.01(b) to any renewed motion.

**DONE** and **ORDERED** in Orlando, Florida on January 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties